# Gompers *et al. versus* Rochester.

1. Agreements in restraint of trade *generally*, are void; they are not so when limited in time, or partial in their operation, or there is a sufficient consideration.

2. A merchant sold his storehouse and goods to a firm of three, binding himself not to engage in the same business within ten miles of the same place for five years; two of the partners sold out to the third and moved beyond the limit; the third afterwards sold all the property to the vendor, and released him from the covenant not to do business; he continued the same business at the same place. *Held*, that the original vendor had not broken his covenant.

3. The consideration of the covenant was the sale of the store and goods.

4. A consideration must appear on the face of an agreement of this kind, which is the only exception to the rule that a seal imports a consideration.

5. The covenant was for the protection of the purchasers while they continued doing business, and passed to the third partner as incident to the business when he bought out his fellows.

6. The covenant did not attach to the covenantees personally, but was alone incident to the business.

7. If any breach existed at the time of the sale by the two partners to the third, this passed by their transfer, and, together with the covenant itself, was released to the original vendor on his purchase.

November 6th 1867. Before WOODWARD, C. J., THOMPSON, STRONG, READ and AGNEW, JJ.

Error to the Court of Common Pleas of *Indiana county:* No. 57, to October and November Term 1867.

On the 22d of May 1865, Charles Gompers, James G. McQuaide and F. M. Kinter, for the use of James G. McQuaide and Charles Gompers, brought an action of covenant against John C. Rochester.

The covenant on which the breaches were assigned was in an agreement dated July 18th 1863, by which Rochester agreed to sell to Gompers, McQuaide and Kinter, for $2500, his lot and storehouse in Marion, Indiana county, and also all his stock of goods in the store. The covenant on which the suit is brought is as follows:—

[Gompers *v.* Rochester.]

" The said Rochester also hereby agrees and binds himself in the payment of one thousand dollars not to engage in the business of merchandise, either directly or indirectly, for himself, or by contract of any kind with others, or for them, in the town of Marion, or anywhere within a boundary of ten miles, for the period of five years from the 1st day of October 1863, unless by consent of the parties of the second part."

John C. Rochester then went to Bethlehem, in Clarion county, about forty miles from Marion.

After the purchasers got possession, the business was carried on by them with Joseph Flude and J. A. Kinter, as Kinter & Co.

On the 6th of June 1864, one Duffie and John H. Rochester, a minor son of John C. Rochester, commenced keeping a store in Marion as partners, and on the 12th of October in the same year, young Rochester bought Duffie's interest, and continued to keep the store himself. It was alleged by the plaintiff, and they gave evidence, that John C. Rochester was the owner of the store kept in the name of his son. The jury found that this was not so.

On the 17th of October 1864, F. M. Kinter bought the interest of Gompers and Flude in the Marion firm, and Gompers sold to Kinter his interest in the real estate; Kinter, on the 24th of October 1864, bought McQuaide's interest in the firm and in the real estate. All the partners in the purchase from Rochester left Marion, and went into business at a distance beyond the limits prescribed in the covenant.

On the 11th of February 1865, F. M. Kinter being now the owner of the whole of the original Rochester property in Marion, sold to John C. Rochester both the real estate and all his store goods, and in the articles of agreement stipulated, " that the provisions of a certain contract between James G. McQuaide, Charles Gompers and F. M. Kinter and the said John C. Rochester, bearing date the 18th July 1863, so far as the same relate to the prohibition of the said Rochester from doing business in Marion, or within ten miles thereof, under penalty of one thousand dollars, are rescinded and annulled so far as the rescission is in the power of the said Kinter." The Rochesters, father and son, afterwards kept the store, the son having purchased the goods as his own.

The plaintiffs submitted a point, which was negatived by the court, that the sum of $1000, in which Rochester bound himself not to engage in business in Marion, &c., was liquidated damages.

Their 3d point was, " That the partnership between James G. McQuaide, Charles Gompers and F. M. Kinter, being dissolved, it was not in the power of the said F. M. Kinter subsequently to said dissolution to rescind the covenant of the said John C. Rochester not to engage in merchandising as aforesaid so as to affect the rights of said Gompers and McQuaide under that covenant, without their knowledge and consent."

[Gompers *v.* Rochester.]

The court (Buffington, P. J.) answered:—

" We think this covenant being part of the contract of purchase from Rochester, passed as an incident in equity of the ownership of the store."

The verdict was for the defendant.

The answers to the above points were assigned for error by the plaintiffs, who removed the case to the Supreme Court.

*H. W. Weir,* for plaintiffs in error, cited 2 Greenl. Ev. § 259 ; Streeper *v.* Williams, 12 Wright 450 ; Shreve *v.* Brereton, 1 P. F. Smith 186 ; Gow on Partnership 77, n. 1 ; Gram *v.* Caldwell, 5 Law Rep. 489, Moor 64 ; Chitty on Cont. 675 ; Purdy *v.* Powers, 6 Barr 494 ; Noble *v.* McClintock, 2 W. & S. 152 ; Tanner *v.* Hall, 1 Barr 418 ; Evengham *v.* Ensworth, 7 Wend. 326 ; Anshutz *v.* Fitzsimmons, 9 Barr 181.

*J. P. Blair* (with whom were *A. W. Taylor* and *Stewart & Clark*), for defendant in error, cited 2 Greenl. on Ev. § 257 ; 2 Story's Eq. Jur. §§ 1314, 1316 ; Streeper *v.* Williams, 12 Wright 450 ; Slaman *v.* Walter, 1 Bro. Ch. R. 418 ; 2 Greenl. on Ev. § 258 ; Perkins *v.* Lyman, 11 Mass. 76 ; Merrill *v.* Merrill, 15 Id. 488 ; Hardy *v.* Martin, 1 Bro. C. C. 419 ; 2 Greenl. Ev. § 268, note ; Davies *v.* Penton, 6 Br. P. C. 221 ; Bank of Columbia *v.* Patterson, 6 Cranch 303 ; Morgan *v.* Weir, 1 Casey 119 ; Brewster *v.* Sterret, 8 Id. 115 ; Abbott's Appeal, 14 Wright 234 ; Erwin's Appeal, 3 Id. 535 ; Foster *v.* Fox, 4 W. & S. 92 ; Roberts *v.* Halstead, 9 Barr 32 ; Bullitt *v.* Chartered Fund, 2 Casey 108 ; Baker's Appeal, 9 Harris 76 ; Deal *v.* Bogue, 8 Id. 228 ; Doner *v.* Stouffer, 1 Penna. R. 198 ; Riddle *v.* Etting, 8 Casey 412 ; Morse *v.* Bellas, 7 N. H. 549 ; Salmon *v.* Davies, 4 Binn. 375 ; 3 Kent's Com. 49.

The opinion of the court was delivered, January 7th 1868, by

THOMPSON, C. J.—In the view we take of this case, the question whether the sum mentioned in the covenant, whereby the defendant Rochester bound himself not to engage in the business of merchandising in the town of Marion, or within a boundary of ten miles thereof, for a period of five years, is to be regarded as liquidated damages or as a penalty, is an abstraction, and not necessary to be determined in order to decide this case.

On the 18th of July 1863, the plaintiffs bought out the defendant's store of goods and the buildings and lot of ground whereon it was situated, in the town of Marion, Indiana county, and the latter entered into a covenant not to engage in business as stated above. The purchasers, and one Joseph Flude, continued the business of merchandising in the property, under the firm name of Kinter & Co., until the 17th of October 1864, when Gompers

[Gompers v. Rochester.]

and Flude sold out all their interest in the store to F. M. Kinter, and Gompers also sold to him his interest in the real estate—Kinter becoming bound to pay all the debts due by the firm. A week later, viz., on the 24th of October, McQuaide sold his interest in the store and accounts due the firm, together with all his interest in the real estate, to Kinter.

No complaints by either of these parties up to that time were made, of a breach of the covenant by Rochester. He had been living and doing business in Bethlehem, Clarion county, after the sale by him in 1863. On the 11th of February 1865, Kinter resold the property and his store-goods to the defendant and his son. Nominally, at least, the son was the purchaser of the goods, and the defendant of the real estate. In that sale F. M. Kinter released the defendant from his covenant not to engage in the business of merchandising in Marion or within the specified boundary, " so far as he had power to do it," as the release says. After the completion of this purchase, the business was continued in the name of Rochester & Son, at the same place.

The plaintiffs contend that Kinter, although the sole owner of the goods and real estate, had not power on a resale to Rochester, to release him from his covenant, and that his engaging again in the business after his purchase was a breach of his covenant.

It would be very unjust if it were so. Agreements in restraint of trade generally, are void. They are not so when limited in time or partial in their operation, and when there is a sufficient consideration: Metcalf on Contracts 233. In the case in hand, the consideration manifestly was the sale of the store of goods, and the real property on which it stood. No other consideration is mentioned; and it is said that an agreement of this kind is the only exception to the rule, that a contract under seal imports a consideration which a party is not permitted to deny: Id. 233. In this class of cases there are numerous decisions in support of this doctrine, to the effect that a consideration must appear on the face of the agreement, and that a declaration on a bond that sets forth no actual consideration is bad on demurrer: Metc. 232; 7 Dowl. 739; 11 M. & W. 665; 3 Y. & J. 330; 2 Ohio State Rep. 519.

Again, the consideration in this case, as already said, we think was the sale of the goods and property, and the covenant was for the protection of the purchasers while they continued doing business, and would pass doubtless to their assignee. Undoubtedly it passed to F. M. Kinter, as incident to the property and business when he bought out his partners. It could not exist in their favor, after they had ceased to require its protection. In whose favor did it exist? Certainly, if it existed at all, it existed in favor of their successor, who had acquired all their interest in the store as well as in the realty. He might need its protection;

[Gompers *v.* Rochester.]

they would not.  As he was the only person interested in it, his partners having left the neighborhood and gone beyond the prescribed limits to engage in business, it would be strange if he could not relinquish what was for his own benefit.  In other words, where was the covenant, to prevent the partners selling back to Rochester ?  If none existed as to them, why might not their assignee ?  The fallacy of the position of the plaintiffs in error, seems to consist in regarding the covenant as attaching, or incident to them personally ; whereas, it was alone an incident to property which they had parted with, and the business also.  It would not have been binding for want of a consideration, unless as incident to the property sold at the time of the relinquishment covenanted for.  I doubt if any case can be found in which such a covenant has been enforced, where it had no effect to protect the business or trade of the covenantee.  Indeed it would be against public policy, and every principle upon which such contracts are sustained.  If any breach existed at the time of the several sales of Gompers and McQuaide to Kinter, in which they had an interest, it passed by the terms of their several transfers. If no breach had transpired, they could not be injured afterwards, for they had ceased business in Marion and returned to Indiana, a distance of some fourteen miles.  As already said, the covenant, at all events, passed with the business, which it had been its object to protect, and with its transfer might certainly be released.

The court below having answered the plaintiffs' 3d point properly in the negative, conclusively determined the case against them.  As there is nothing else to be noticed in order to a determination of the case here, the judgment is affirmed.