## Renaire Corporation v. Wexler

*Louis Lipschitz,* for plaintiff.
*Simon Shapiro,* for defendant.

KUN, P. J., April 11, 1955.—The matter before the court is a motion to vacate a preliminary injunction granted to enforce a contract containing a covenant in

partial restraint of trade. The reasonableness of the restraint is not in question at this time; the sole issue is whether the contract is supported by consideration.

Plaintiff orally engaged defendant to sell food freezer plans and food freezers. About a month later a written contract was entered into with substantially similar terms except the fact that defendant promised not to compete with plaintiff's product for a certain time, and in a certain area, after leaving the employ of plaintiff. Under similar facts the court in Markson Bros. v. Redick, 164 Pa. Superior Ct. 499, 505, held that there was not sufficient consideration for the written contract and defendant was not bound by it.

We would be obliged to follow that ruling were it not for the additional factors present in this case. Plaintiff here claims defendant is bound because the contract is under seal. In Conrad's Estate, 333 Pa. 561, 563, the court states: "It is well settled that a seal *imports* consideration. This is more than a mere presumption; the seal takes the place of proof of consideration and in the absence of fraud makes the promise enforcible without it. The defense of *want* of consideration is not available in an action on a sealed instrument," citing from old cases in Pennsylvania in the text of the opinion and in footnotes. To the same effect, Barnhart v. Barnhart, 376 Pa. 44, 56; Rekas v. Dopkavich, 362 Pa. 292, 298. Defendant contends that an exception exists to this rule when the contract to be enforced contains a partial restraint of trade. He cites some decisions in which he claims the courts held that a seal does not import consideration. Two of the decisions, after examination, are found to be cases in which the contracts were not under seal; as to others, common pleas court cases, some held the seal binding and others contra. These are, of course, not binding on us. The old authorities cited in the latter cases as the basis for

the rulings, the latest of which was Gompers et al. v. Rochester, 56 Pa. 194 (1867), referred by dictum to the philosophy of the day that agreements in restraint of trade were generally void, leading the courts to the opinion that something more than a seal was needed to supply consideration. The legal attitude toward this type of agreement has, however, completely changed, and since by our very latest authorities in the Supreme Court as cited, a seal imports consideration and takes the place of proof of consideration in the absence of fraud, as pointed out, we know no reason why the law thus laid down should not be applied to a contract such as we have before us, or to any other kind of contract or undertaking, in the absence of fraud in its execution.

Plaintiff also contends, in addition to the fact that defendant is bound by his contract because of the presence of a seal, he is bound by reason of the Uniform Written Obligations Act of May 13, 1927, P. L. 985, sec. 1, 33 PS §6, which provides:

". . . written . . . promise . . . shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement . . . that the signer intends to be legally bound."

Such a statement is present in the contract before us. There is no appellate court decision on the question raised. In respect to this contention defendant cites several common pleas court cases holding that this act is not applicable to a contract in partial restraint of trade, as we have before us. The cases so deciding use the following rationale: The intent of the drafters of the Uniform Written Obligations Act was to have its provisions take the place of a seal in jurisdictions in which by decision a seal was rendered innocuous. (However in Pennsylvania, as pointed out, a seal is quite effective to supply consideration.) In 1925 the seal did not import consideration to an agreement in partial restraint of trade (so argued) ; therefore, the

act does not validate an agreement in partial restraint of trade by the addition of the statement that the signer "intends to be legally bound". We cannot agree with this reasoning.

"When the words of the law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

It is quite unnecessary to enter into a purely academic discussion as to whether or not the presence of a seal on the type contract we have before us did import consideration thereto in the year 1925. The Uniform Written Obligations Act is "clear and free from all ambiguity", and states plainly that a written promise shall not be invalid or unenforcible for lack of consideration, if the writing contains an express statement that the signer "intends to be legally bound" thereby. It is our opinion that the court is without authority to declare that there is an exception under that statute as to any kind of a contract, the statute being all embracing in its provisions. If any contracts are to be excepted from its provisions, it must be by legislative action, the same authority which passed the act. Any action of the court in that direction would be judicial legislation, which is not permissible.

As to the remaining point raised by plaintiff, that the contract should be enforced on the basis of promissory estoppel, we deem it unnecessary to consider the applicability of the principle in such a case like this, in view of the foregoing considerations. It is quite clear to us that because of the presence of the seal on the contract and the added statement that defendant, in signing it, "intends to be legally bound" thereby, it is a valid, enforcible contract.

Wherefore, the motion to vacate the preliminary injunction heretofore printed is refused.