## S. Wertheimer, Appellant, *v.* Wm. H. Thomas and Celestine D. Thomas.

*Vendor and vendee—Covenants in lease—Notice—Collateral agreement.*

As between the vendor and vendee of land the latter is held to have had notice of the covenants of an existing lease of which he knew but had not examined, and as to the contents of which he has not been misled, but he is not charged with notice of a distinct collateral agreement.

A lease gave the tenant an option to buy the demised premises at a certain price. Before the termination of the lease the owner of the land agreed to sell it to plaintiff who knew of the lease, but did not know that it gave the tenant an option to purchase. Before plaintiff received his deed the tenant exercised his option, and the deed was made to the tenant. Plaintiff subsequently bought the land at an advanced price and sued the vendor for the difference. The court gave binding instructions for defendant. *Held,* to be error.

Argued Jan. 31, 1895. Appeal, No. 137, July T., 1894, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 702, on verdict for defendants. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit for breach of contract to sell real estate. Before THAYER, P. J.

At the trial it appeared that defendants agreed in writing to sell to plaintiff the premises No. 33 North 11th street in the city of Philadelphia. At the time of the sale there was a lease on the property which still had several years to run. In the lease was a clause giving the lessee the option to purchase the property for $12,000. Plaintiff knew of the lease but had no knowledge that it gave to the tenant an option to purchase the property. The lessee subsequently exercised his option and a deed was made to him. Plaintiff purchased the property from the tenant's grantee, paying $4,500 over and above the amount which he had agreed to pay defendants. For this sum he brought suit.

The court charged as follows :

" This action is brought upon a written agreement of sale. By the terms of the written agreement of sale it was made subject to this lease to Price, and, in my judgment, that means subject to every covenant contained in the lease to Price, and among

these covenants in the lease to Price was a covenant that he should have the property if he chose to buy it during the tenancy for $12,000; and when Price insisted upon the performance of that covenant, the defendant made a conveyance to him, notwithstanding the agreement which he had signed with the plaintiff, but inasmuch as the agreement which he had signed was made expressly subject to the lease, I think the plaintiff took the agreement subject to everything contained in the lease, and if he chose to take it subject to a lease which he did not read, he is bound by that.

"Therefore you ought to find a verdict for the defendant in this case."

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*George P. Rich*, for appellant.—Where it appears that there was an incumbrance upon the land, or some defect or deficiency in the title, quantity, quality, description, or other matters touching the estate, unknown to the purchaser at the time the agreement of sale was executed, the purchaser is entitled, if he chooses, to have the contract specifically performed, so far as the vendor can perform it, and to have an abatement out of the purchase money or compensation for the defect or deficiency: Burk's App., 75 Pa. 141; Riesz's App., 73 Pa. 485; Rineer v. Collins, 156 Pa. 342.

A purchaser to whom the vendor has agreed to make a deed of conveyance is bound to take notice of the kind of covenants usual and customary to be inserted in deeds of conveyance, to wit, a covenant of special warranty, and cannot insist on a covenant of general warranty or any other extraordinary and unusual covenant: Espy v. Anderson, 14 Pa. 308; Lloyd v. Farrell, 48 Pa. 73.

*Wendell P. Bowman*, for appellees.—Where it is stated upon a sale, even by auction, that the estate is in lease and there is no misrepresentation, the purchaser will not be entitled to any compensation, although there are covenants in the lease contrary to the custom of the country: 1 Sugden on Vendors, 8th

Am. ed. 10 ; 2 Sugden on Vendors, 8th Am. ed. 561 ; Boggs v.
Warner, 6 W. & S. 469 ; Kerr v. Day, 14 Pa. 112 ; Corson v.
Mulvany, 49 Pa. 88 ; Peoples St. Ry. v. Spencer, 156 Pa. 85.

OPINION BY MR. JUSTICE FELL, May 20, 1895 :

The general rule is that notice of a lease will affect the purchaser of real estate with notice of the covenants contained in it.   If with knowledge of a lease he buys without examining it he cannot afterwards object that he had no notice of a particular covenant.   The equity of a tenant in possession may extend still further, and notice of unusual covenants and even of a collateral agreement to purchase may be imputed to the vendee.   This equity however rests upon the fact of possession, which is notice to the purchaser of the occupant's title and of the fact that the property is affected, and imposes upon him the duty of inquiry.   The purchaser is therefore chargeable with notice not only when the evidence raises a presumption that he knew, but also when there is just ground for inferring that reasonable diligence would have led him to discover the truth.   But this rule of constructive notice by tenancy does not apply to controversies between the vendor and the vendee.   Facts which in a controversy with a third party whose rights have been prejudiced by the sale would affect the vendee with constructive notice will not charge him with defects in the vendor's title : Leading Cases in Equity, vol. 2. part 1, p. 145.   While the vendee is put to inquiry as to the tenant's title, the duty of inquiry arises because of the possession.   In protection of innocent parties the doctrine of implied notice has been carried to its fullest extent.   As between the vendor and the vendee, the latter is held to have had notice of the covenants of a lease of which he knew but had not examined, and as to the contents of which he has not been misled, but he is not charged with notice of a distinct collateral agreement.

When the agreement in this case was made the plaintiff's agent knew that the property purchased was in the possession of a tenant under a lease from the defendant.   The agreement was made expressly subject to this lease.   Actual notice of the lease carried with it constructive notice of all its covenants and conditions relating to the tenure or intended to secure or enforce the rights and duties of the parties to it as landlord and

tenant; but there does not seem to be ground as between the parties for carrying the implication of notice further. The agreement giving the tenant an option to purchase, although incorporated in the lease, was not a part of it. It was a distinct agreement having no necessary connection with the lease. It was unusual and not to be expected. Had this agreement been separate and distinct from the lease in form as it was in substance, it clearly would not have been as between the parties to this action notice of the tenant's equity.

We are of opinion that the case should not have been withdrawn from the jury on the ground that the plaintiff was charged with notice of the agreement to sell. That his agent had actual notice, or purposely avoided it, and in fact secured by the agreement only the right to take title to the property in the event of the failure of the tenant to do so, the jury might well have found from the testimony.

The judgment is reversed and a venire de novo awarded.