## Gilbert, Appellant, v. Price.

*Landlord and tenant—Lease—Holding over.*

Where a written lease for a term of four months gives to the lessee the privilege of renting the premises " after expiration of current term for the term of one year at rental that may be agreed upon," and the lessee continues in possession of the premises after the expiration of the original term, paying for one month the same rate which he had paid during the four months and for the second month and several months thereafter a reduced rental, without anything being said as to the term for which he was to hold, the lessee by holding over, and paying the agreed reduced rental, must be held to have exercised his privilege under the lease, and become a tenant for an additional year.

Argued Oct. 9, 1901.   Appeal, No. 2, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1900, No. 1299, on verdict for defendant in case of Jesse Gilbert and Albert E. Miller, Copartners, trading as Gilbert & Miller, v. Herman Price.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Appeal from judgment of justice of the peace.   Before BRÉGY, J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.

*Error assigned* was in giving binding instructions for defendant.

*Walter C. Rodman*, for appellants.—There are two reported cases, one in the Supreme Court and the other in the Superior Court, which cannot be distinguished from the case at bar, both of which agree in ruling this question adversely to the instructions of the trial judge : Harding v. Seeley, 148 Pa. 20 ; Lipper v. Bouvé, Crawford & Co., 6 Pa. Superior Ct. 452.

Aside from these controlling decisions, this judgment should be reversed on general principles : Hemphill v. Flynn, 2 Pa. 144 ; Phillips v. Monges, 4 Wharton, 229 ; Williams v. Ladew, 171 Pa. 369.

*Edmund Randall*, with him *James A. Flaherty*, for appellee.—
The common-law doctrine that where a tenant holds over at
the termination of his lease, he becomes a tenant at sufferance
or at will, is recognized in Pennsylvania : Williams v. Ladew,
171 Pa. 369.

If a tenant whose lease has expired is permitted to remain
in possession, pending a treaty for a further lease, he is not a
tenant from year to year, but so strictly at will that he may be
turned out without notice : Dubuque v. Miller, 11 Iowa, 583 ;
Jackson v. Moncrief, 5 Wend. 26.

A letting by parol for a sum certain per month, without any-
thing being said about a year, constitutes a lease from month
to month, and not a lease from year to year : Hollis v. Burns,
100 Pa. 206.

OPINION BY W. D. PORTER, J., October 28, 1901 :

The plaintiffs by an agreement in writing leased to the defend-
ant, for the term of four months, a store in the city of Philadel-
phia, at the rental of $35.00 per month payable monthly.   The
term began on May 8, 1899, and ended on September 8, in the
same year.   The lease contained these covenants :  "It is hereby
expressly understood and agreed by and between the parties
hereto that the term of this lease is for four months and no longer
from the date hereof, and the lessee waives the right to any fur-
ther notice for possession at the expiration of above mentioned
term ; and it is further understood and agreed that the said les-
see may have the privilege of renting same after expiration of
current term for the term of one year at rental that may be
agreed upon."   The lessee continued in possession of the prem-
ises after the expiration of the original term, and without any-
thing being said as to a change in the rate of rental paid $35.00
rent for the first month after the expiration of said term.   He
then asked for a reduction in the rental, and, without anything
further being said as to the term for which he was to hold, the
landlord agreed to accept rent at the rate of $30.00 per month,
and the tenant paid that amount without question and con-
tinued to do so until March, 1900, when he removed from the
premises without notice.   The plaintiffs brought this action to
recover rent for the premises for one month after the defendant
had vacated, they alleging that he had become bound for the

term of one year after the expiration of the original term. The learned judge of the court below was of opinion that the estate had become a mere tenancy at will, and directed the jury to find a verdict for the defendant. The lease gave to the defendant the privilege of renting the premises for the term of one year after the expiration of his original term at a rental that might be agreed upon. When the tenant remained in possession after the expiration of his original term it was notice to his landlord of his election to exercise his privilege under the contract, and he became a tenant for a year, which estate was subject to be reduced to a tenancy at will by the failure of the parties to agree upon a rental. When the tenant paid and the landlord accepted rent for the first month of the year at the same rate which had been paid during the original term that must have been held, in the absence of anything further, to be an agreement upon the rate of rental for the year upon which they had entered. The rate of rental, however, was not left to be implied from the mere conduct of the parties; they subsequently agreed that the rent should be paid at the rate of $30.00 per month. It is admitted by the defendant that nothing was said as to the term for which he was to hold, and such being the case the duration of his term is fixed by his written agreement. He had exercised his privilege by holding over after the expiration of his term, the agreement as to the rate of rental which the written contract contemplated had been made and taken in connection with the written agreement formed a complete contract of leasing for one additional year at a fixed rental: Harding v. Seeley, 148 Pa. 20 ; Lipper v. Bouvé, Crawford, etc., Co., 6 Pa. Superior Ct. 452. Even if there had been nothing said in the written lease as to the privilege of the defendant to hold over for an additional year, the lease would then have been a contract for a definite term of four months, and when the defendant held over the lessors would have had the option to treat him either as a trespasser or a tenant from year to year : Hemphill v. Flynn, 2 Pa. 144 ; Williams v. Ladew, 171 Pa. 369. In this case, however, the parties had made their own contract and the defendant had become bound for the additional term of one year.

The judgment is reversed and a venire facias de novo awarded.