## Pennell v. Foor et al.

*Alvin L. Little*, for plaintiff.
*Richard C. Snyder*, for defendants.

WRIGHT, P. J., July 9, 1948.—By written agreement, plaintiff leased a gasoline service station to defendants for a term of 14 months ending April 1, 1948. The lease contained the following language: "Lessees are to have privilege of re-renting for four years more

by adjustment of rent between parties hereto. Should the property be sold lessees are to have first chance to purchase same at the same price". On April 2, 1948, alleging that defendants had refused either to purchase or rerent and that he had therefore arranged to sell to another person, plaintiff entered summary judgment in ejectment. Defendants promptly petitioned to open the judgment, admitting that they had refused to purchase but alleging that they had exercised their privilege of rerenting and were consequently entitled to retain possession until the expiration of the extended term. It becomes necessary for us to determine the legal effect of the quoted language, keeping in mind the well-settled rule of construction that in case of doubt or uncertainty as to the meaning of a lease its provisions must be construed most strongly against the lessor and in favor of the lessee: Larsh et al. v. Frank and Seder, 347 Pa. 387, 391.

It must first be noted that the two sentences in question deal with separate matters. One concerns possession and grants a privilege to rerent. The other concerns title and grants first option to purchase should the property be sold. One sentence is distinct from the other and there is no expressed relationship between them. Had tenants agreed to purchase, no question would arise as there would be no necessity for them to rerent. However, tenants refused to purchase. Could they nevertheless exercise the privilege to rerent and hold possession for the extended term. Under the particular language in question, our answer is in the affirmative, and it should be emphasized that plaintiff is not contending otherwise. In Pettit v. Tourison, 283 Pa. 529, 531, it is ruled that the privilege of renewing a lease for a further term and an option given to purchase the property confer separate and distinct rights upon the lessee. So far as the person who actually purchased the property is concerned, he knew or should have known that defendants were in posses-

sion and he is bound by the provisions of their lease, including the rerenting privilege: Wertheimer v. Thomas et al., 168 Pa. 168, 170.

It might be mentioned that plaintiff is also not contending that the privilege of rerenting is unenforcible because of uncertainty as to the amount of future rent. In Weaver v. Wood, 9 Pa. 220, it was held that an agreement to lease "at a fair rent" was sufficiently certain to be enforced. In Gilbert v. Price, 18 Pa. Superior Ct. 359, a clause was sustained which gave lessee the privilege of rerenting "at rental that may be agreed upon". And in Kaufmann v. Liggett, 209 Pa. 87, the equity court took jurisdiction where the rent for the extended term was to be fixed by arbitrators who failed to agree.

The question then arises as to the time and manner in which the tenant must exercise the rerenting privilege where the lease is silent on the subject. In Cairns et al. v. Llewellyn, 2 Pa. Superior Ct. 599, 608, the clause under consideration read as follows: ". . . lessee shall have the privilege and option of renting the said premises for a further term of three years from the expiration of this lease." It was held that the tenant would exercise this privilege either verbally or in writing at any time during the original term. The court further ruled that, in the absence of any contrary provision in the lease, tenants who have an option to rerent are not required to give the landlord any notice whatever, but may exercise the option simply by holding over after the expiration of the original term. To the same effect is White et al v. Long et al., 289 Pa. 525, 532, in which the Supreme Court said:

"Acceptance of the privilege to extend the term . . . may be indicated by any act, expression or course of conduct without formal notice to the lessor, unless required by the terms of the contract."

Although we have found no cases in point, we must, to be consistent, conclude that a tenant who has an

option to rerent may verbally give notice of his intention not to exercise the privilege, and be prevented from subsequently recanting or changing his mind, at least when the landlord has acted in reliance thereupon. This is substantially plaintiff's legal position.

Our decision therefore rests on one simple but controlling question of fact which we must determine from the depositions: Did defendants notify plaintiff that they would not rerent? It appears that, shortly after March 1, 1948, plaintiff approached defendants about purchasing on a monthly payment plan over a period of 15 years. It is not necessary to detail the negotiations which took place as both sides agree that this proposition was eventually refused. So far as the matter of rerenting is concerned, it is highly significant that plaintiff testified "nothing was said about it". On March 10, 1948, defendants notified plaintiff in writing of their desire to rerent. The next day plaintiff sent defendants a notice to vacate at the expiration of the term, which notice contained the following language:

"One of the conditions of said agreement was that should the property be sold, you are to have the first chance to purchase same at the price to be paid by any other purchaser. You were notified of the offer that had been received for same, and which offer was being accepted and you were given the opportunity to purchase same on the said terms and conditions. You having turned down this offer, the property is being sold to Mr. Herbert Flint who made said offer."

It is again highly significant that this notice does not assert that defendants had failed to exercise their privilege of rerenting, but is based solely on defendants' refusal to purchase.

Plaintiff principally relies on the testimony of his agent, J. William Richey. Careful examination of Mr. Richey's testimony, in connection with the cross examination, does not convince us that defendants actually

refused to rerent as opposed to their refusal to purchase. In any event, defendants have testified to the contrary. It is clearly evident from all of the circumstances that the burden of proof which plaintiff must carry has not been sustained.

### Decree

Now, July 9, 1948, rule absolute and the judgment in ejectment is herewith opened. If plaintiff desires to proceed further, he shall file a complaint within 20 days and the action shall thereafter be conducted in accordance with the Procedural Rules.