## Yanshak Appeal

*John M. Dudrick* and *Joseph Olexy,* for appellants.

*Edmund P. Hannum,* for Pennsylvania Liquor Control Board.

VALENTINE, P. J., November 17, 1949.—Frances Yanshak died on June 10, 1949. Prior to her death she operated two establishments, one in the City of Wilkes-Barre, and the other in Hanover Township, in which she dispensed alcoholic beverages under licenses issued licensee by the Pennsylvania Liquor Control Board.

On October 29, 1947, the board revoked the license for the establishment in Wilkes-Barre. Mrs. Yanshak took an appeal from this action, which acted as a supersedeas. That appeal is still pending.

On March 18, 1948, the board revoked the license for the establishment in Hanover Township. Mrs. Yanshak took an appeal from this action, which likewise acted as a supersedeas. That appeal is also pending.

On June 7, 1949, the board revoked the license issued in accordance with the supersedeas in renewal of the license revoked for the establishment in Wilkes-Barre.

Mrs. Yanshak's death followed three days later, but the administrator took an appeal. This appeal is likewise pending.

The licenses held by decedent expired on July 31, 1949, and have not been renewed.

The question concerning the status of these appeals is raised by the petition of the Pennsylvania Liquor Control Board for their dismissal. The petition of the board is contested by the administrator of the deceased licensee, and her children and husband.

The right to sell liquors, under a license granted by the State, is personal to the licensee. It is not assignable and does not pass to the personal representative, and, therefore, cannot be transferred unless expressly authorized by an act of assembly: Blumenthal's Petition, 125 Pa. 412; Grimm's Estate, 181 Pa. 233. No person has any property in the right to sell liquor: Spankard's Liquor License Case, 138 Pa. Superior Ct. 251-258.

The death of a licensee terminates the license. It does not become an asset of the estate, nor give the personal representative of licensee the right to conduct the business; nor can he exercise the statutory provision in obtaining a renewal, *which could have been invoked by decedent had she lived:* 30 Am. Jur. 329, §141. Hartingh v. Bay Circuit Judge, 176 Mich. 289, 298, 142 N. W. 585, 587.

We recognize that as between licensee and a third person, such as the owner of a building in which the business is conducted, who asserts that under an agreement with licensee the liquor license was not to be removed therefrom, a license to sell liquor may be regarded as having a peculiar value: Cochrane v. Szpakowski, 355 Pa. 357; Rekas v. Dopkavich, 362 Pa. 292; Guzzi et al. v. Czaja et ux., 163 Pa. Superior Ct. 597. So, also, if the occupancy of licensee is under a lease having some time to run, the unexpired term,

in case of his death, is an asset of his estate of which the good will and the opportunity of obtaining the transfer of the license are inseparable incidents. However, we know of no authority holding that such rule prevails as between the Liquor Control Board and licensee, or the latter's representative.

We are of the opinion that the question whether in the instant cases the appeals may be taken or prosecuted by the personal representative of licensee must be answered by an analysis and study of the various statutory provisions regulating the granting, etc., of licenses to sell liquor. The Pennsylvania Liquor Control Act of November 29, 1933 (special sessions) P. L. 15, 47 PS §744-408 (c), authorizes the board, upon the death of a licensee, to "transfer the license to the surviving spouse or personal representative, or to a person designated by such representative." In the absence of this provision, a person desiring to continue the business conducted by a deceased licensee would be obliged to make application for a new license.

Section 410 of this act, 47 PS §744-410, provides for an appeal by "the person whose license was suspended or revoked."

On the death of licensee, the license to sell liquor terminated, subject to be renewed by the appropriate order of the Liquor Control Board authorizing its transfer. The right to a transfer of a liquor license is one thing. The right of the personal representative of a deceased licensee to take or prosecute an appeal from the order of the Liquor Control Board is something different. The former is provided for by statute. The latter is not.

There are certain rights and obligations which die with the individual.

In Commonwealth v. Moran, 251 Pa. 477, it was held that the death of a defendant, who had given bond conditioned for compliance with the sentence imposed, dis-

charged the obligation as against the surety as the order for payment was a personal punishment and died with defendant. In Moe v. Smiley, 125 Pa. 136, it was held that in the absence of a statutory provision an action for a death occasioned by unlawful action or negligence did not survive against the executor or administrator of the wrongdoer.

Inasmuch as the statute makes no provision for the taking or prosecuting of an appeal from an order of the Liquor Control Board by any person other than the holder of the license, we conclude that in the present case the personal representative of licensee is without authority to seek a review of the orders revoking the licenses held by decedent: Seitz Liquor License Case, 157 Pa. Superior Ct. 553.

Therefore, now, November 17, 1949, the rules to dismiss the appeals are made absolute and the appeals dismissed.