## Savitsky v. Parulis, Appellant.

Argued June 3, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*J. D. Sheperd,* with him *John R. Verbalis,* for appellant.

*Thomas F. Burke,* with him *Albert B. Carroza,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, June 28, 1954:

On February 11, 1948, the plaintiffs Joseph and Mary Savitsky leased to the defendant Joseph P. Parulis certain premises in Exeter Borough for a period of five years. At the same time that the written lease was executed the parties signed a bill of sale for the fixtures and personal property on the premises. The bill of sale provided, inter alia: "The sellers hereby transfer, set over, assign, bargain, sell and deliver unto the buyer, his heirs, executors, administrators and assigns, all their right, title and interest, in and to the *unexpired* term of a certain 1947-48 restaurant liquor license . . . No. R. 1834, expiring July 31, 1948 . . ." (Emphasis supplied.)

By means of another document the defendant agreed that he would not re-transfer the liquor license to any one but the plaintiffs. He also agreed that: "in the event of any uncured default, breach or violation of any of the terms, conditions or covenants of said lease, or any renewal or renewals thereof, he agrees upon request or demand by Savitskys, to immediately retransfer said license to Savitskys, or their nominee . . ."

When the lease expired on March 27, 1953, without renewal, the defendant refused to transfer back the liquor license to the plaintiffs unless the plaintiffs paid him for the value of the license. The plaintiffs contend that it was not understood that they were to make any payment for the retransfer and accordingly filed a bill in equity to compel, by specific performance, the return of the license. The lower court entered a

decree upholding the plaintiff's position and the defendant appealed.

The need for clarity and precision in business transactions is just as vital as the necessity for the exact admixture of ingredients in a chemical formula. It is possible that the defendant Parulis entertained an undisclosed idea, when he entered into the three-pronged contract with the Savitskys, that in the event his business enterprise struck the rocks of failure he would salvage something from the misadventure by a re-sale of the liquor license. However, that idea never took form in writing or in speech. Through his attorney he argues that if it was understood between the parties that the plaintiff was not to pay anything for the return of the license, why was not that simple statement introduced into the agreement? But that argument only reveals the disabling weakness of his own stand. If it was his (Parulis') understanding that the plaintiffs were to make some payment for the retransfer of the license why did he (Parulis) not incorporate *that* condition into the contract?

If the plaintiffs were to pay something, what was that something to be paid? There is nothing in the entire transaction which offers a standard of computation for determining the monetary value of the license. The three agreements are to be considered together and in doing so the only conclusion possible is that the defendant committed himself to a return of the license without compensation upon termination of the lease.

The defendant maintains that he paid valuable consideration for the license and therefore valuable consideration must be paid for its return. But there is nothing to show that any specific sum was paid for the license. The fixtures sold to the defendant were new and worth from $8000 to $10,000. In the state of

the record the defendant cannot say that he did not receive full value for the $8,000 paid. However, if it should be conceded that some portion of the $8,000 paid by the defendant represented payment for the transfer of the license, that concession would still not sustain the burden of proof resting on the defendant because it could be, as the plaintiffs maintain, that that consideration could well have been for the term of the lease.

We are satisfied that the findings of fact by the Chancellor and the conclusions of law reached by him are amply supported by the evidence.

The facts in this case are somewhat similar to those in the case of *Rekas v. Dopkavich,* 362 Pa. 292, 297, and the principle of law is not dissimilar: "The three contemporaneous written instruments, to wit, the the lease, the agreement and the bill of sale, were all executed on the same day as integral and essential parts of one and the same transaction and are therefore to be construed together. . . .

"So considered, the agreement leaves no doubt that the transfer of the license from the mother to her son was without consideration in the bill of sale; that it was likewise to be retransferred to her upon the accrual of her right to repossession of the demised premises; and that the son could not rightfully transfer the license to anyone but the mother. That such was the intendment and understanding of the parties is clear beyond any question. The agreement itself contained the further injunction that 'In no event shall transfer [of the license by the son] be made to anyone except the party of the first part [i.e., the mother.]' "

The defendant finally argues that the plaintiffs are not entitled to the license because they are not paying a valuable consideration for it. This same argument arose in the *Rekas* case and was disposed of as fol-

lows: ". . . the agreement to retransfer the license in certain contingencies was not without consideration. The agreement was under seal and also contained a recital by the parties, as allowed by the Uniform Written Obligations Act of May 13, 1927, P. L. 985, Sec. 1, 'declaring themselves legally bound' thereby. And, beyond that, the entire transaction was founded upon an actual consideration moving to the defendant namely, the demise of the described premises and a concomitant transfer of the liquor license therefor."

In further authority for the affirmance of the decision in the court below, reference is made to the case of *O'Neill v. Keegan,* 376 Pa. 606, 103 A. 2d 909, which involved the same principles presented in the case at bar.

Order of the court below affirmed. Costs to be divided equally between appellant and appellees.