## Befwick of Philadelphia, Inc., Plaintiff, *v.* Cobblestones, Inc. and Pennsylvania Liquor Control Board, Defendants.

Argued March 31, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Paul Auerbach,* for plaintiff.

*Ronald H. Surkin,* with him *Abraham Levinson,* and *Blank, Rome, Klaus & Comisky,* for defendant, Cobblestones, Inc.

*J. Leonard Langan,* Assistant Attorney General, with him *Mark N. Cohen,* for defendant, Liquor Control Board.

OPINION BY JUDGE BLATT, August 4, 1975:

Befwick of Philadelphia, Inc. (Befwick) initiated this suit in the Court of Common Pleas of Philadelphia County by filing a complaint in equity in May of 1974 against Cobblestones, Inc. (Cobblestones) and the Pennsylvania Liquor Control Board (Board). Their complaint alleges that in August of 1973, Befwick, the holder of a restaurant liquor license, entered into an agreement with Cobblestones for the sale of the license, and a copy of that agreement is attached to the complaint. According to the terms of the agreement Befwick, the seller, claims to have had the right to cancel the agreement if the Board did not approve the license transfer by December 31, 1973. The complaint further alleges that the transfer was not approved by that deadline and that Befwick on January 7, 1974 exercised its right to void the sale by

so notifying Cobblestones of its intention. Nevertheless, the Board on January 29, 1974 allegedly approved the transfer. By means of this lawsuit, therefore, Befwick requests the following equitable relief:

"... that judgment be entered in favor of Befwick of Philadelphia, Inc. and this Honorable Court order the Pennsylvania Liquor Control Board to revoke the erroneous transfer to Cobblestones, Inc. and record Befwick of Philadelphia, Inc. as the owner and/or order Cobblestones, Inc. to execute all necessary papers and undertake all necessary procedures to transfer the license back to Befwick of Philadelphia, Inc. at the sole expense of Cobblestones, Inc. and/or such other order as this Honorable Court shall deem fair and equitable including money damages for lost profits and the unjust enrichment of Cobblestones, Inc. together with punitive damages, attorney fees and costs against Cobblestones, Inc."

Both defendants filed separate preliminary objections to the complaint. Cobblestones asserted that the plaintiff has an adequate remedy at law for damages. The Board, on the other hand, argued that exclusive jurisdiction for actions against it is vested in the Commonwealth Court, pursuant to Section 401 et seq. of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. §211.401 et seq. Judge KALISH of the Court of Common Pleas of Philadelphia County transferred the matter to this Court on June 27, 1974 and on March 31, 1975 we heard arguments concerning the outstanding preliminary objections of Cobblestones.

We must reluctantly conclude that the plaintiff has improperly attempted to invoke the jurisdiction of equity against *the Board* in this suit, for it is apparent that an adequate statutory remedy is available within the administrative process to enable the plaintiff to pursue the relief which it seeks against *the Board*. In effect, the plaintiff is here seeking to compel the Board to exercise

its authority under Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, 47 P.S. §4-404 to issue a license to Befwick. In our view, Befwick must apply for such a license pursuant to Section 403 of the Liquor Code, 47 P.S. §4-403 and upon refusal may seek a hearing under Section 464, 47 P.S. §4-464. That section also describes the applicant's appeal rights upon the Board's continued refusal to transfer. "The law is well settled under the Act of 1806, P.L. 558, 4 Sm. L. 326, §13, 46 P.S. §156, that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress: Bliss Excavating Company v. Luzerne County, 418 Pa. 446; Commonwealth v. Glen Alden Corporation, 418 Pa. 57; Pennsylvania Life Insurance Company v. Pennsylvania National Life Insurance Company, 417 Pa. 168." *Allegheny County, Southern District, Tax Assessment Appeals*, 7 Pa. Commonwealth Ct. 291, 299, 298 A.2d 643, 647 (1972).

It might be argued that the statutory remedy is inadequate in that the Board is in no position to resolve the rights of Befwick and Cobblestones *inter se*. Section 404 of the Liquor Code describes the various considerations which the Board may weigh in exercising its discretion as to whether or not a license should be transferred. Nowhere therein is the Board given authority to resolve a contractual dispute such as exists here. In fact, Section 404 seems to assume cooperation between the present holder of the license and the applicant to whom transfer is sought. Although there will undoubtedly be no such cooperation here, Befwick may seek to compel that cooperation through some appropriate equitable remedy, and, if Befwick is successful in obtaining that form of relief, the Board may then exercise its discretion under Section 404. Before the Board acts, however, the rights *inter se* of the two private corporations must be resolved. This Court cannot, of course, assume jurisdiction over such a matter. See the Appellate Court Jurisdiction Act of 1970.

Because we find that the Board is not a proper defendant and that we therefore lack jurisdiction over the subject matter of this suit,[1] we issue the following

ORDER

AND NOW, this 4th day of August, 1975, the plaintiff's complaint as to the Liquor Control Board is hereby dismissed. It is further ordered that, as to Cobblestones, Inc., pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.503(b) and Pa. R.C.P. 213, the remaining cause of action is hereby transferred to the Court of Common Pleas of Philadelphia County.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries in this Court of the above matter and transmit to him the record thereof.

---

1. Although this case was argued on the preliminary objections of Cobblestones, we conclude that the question of whether or not this Court has jurisdiction over the subject matter should be raised *sua sponte. Eberhardt v. Ovens,* 436 Pa. 320, 259 A.2d 683 (1969).