353 A.2d 459

BEFWICK OF PHILADELPHIA, INC., Appellant,

v.

COBBLESTONES, INC. and Pennsylvania
Liquor Control Board.

Supreme Court of Pennsylvania.

Argued Jan. 19, 1976.

Decided March 17, 1976.

Paul Auerbach, Philadelphia, for appellant.

Harry Bowytz, Chief Counsel, J. Leonard Langan, Asst. Atty. Gen., Harrisburg, for appellee, Pennsylvania Liquor Control Bd.

Ronald H. Surkin, Philadelphia, for appellee, Cobblestones, Inc.

Before JONES, C, J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal[1] from an order of the Commonwealth Court dismissing the complaint of appellant Bef-

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1975).

wick of Philadelphia (Befwick) against the Pennsylvania Liquor Control Board (PLCB), and transferring the action to the court of common pleas for adjudication of the dispute between Befwick and Cobblestones, Inc. We agree that PLCB is not a proper party to the action and affirm.

In August 1973, Befwick entered into an agreement to sell its restaurant liquor license to Cobblestones. It was necessary for PLCB to approve the transfer of the license. The agreement of sale provided:

"3. In the event that the [PLCB] shall fail to approve the transfer of the said license by the 31st day of December, 1973, the application for transfer may be withdrawn at the option and election of [Befwick]. Simultaneously with the execution of this agreement, the parties shall execute a letter of withdrawal dated December 31, 1973, authorizing the withdrawal of the application of transfer. This letter of withdrawal shall be held in escrow . . . and shall be delivered to [Befwick] upon notice in writing of its election to withdraw from the agreement and to terminate the application for transfer."

PLCB had not approved the transfer by December 31, 1973, and in a letter dated January 7, 1974, Befwick notified Cobblestones that the agreement of sale was to be terminated "forthwith." The letter also requested, pursuant to paragraph 3 of the sales agreement, that the letter withdrawing the transfer application be forwarded immediately. Cobblestones apparently never transmitted the executed letter of withdrawal, despite the provisions of paragraph 3 of the agreement.

On January 14, 1974, Befwick forwarded to PLCB's Philadelphia district office a copy of the letter it had sent to Cobblestones, advising Cobblestones that it was under agreement to withdraw the transfer application. On February 5, 1974, Befwick informed the PLCB Director of Licenses in Harrisburg that the transfer applica-

tion was to have been withdrawn. The PLCB, however, had transferred the license to Cobblestones on January 29, 1974.[2]

Befwick made a later attempt to transfer the license to another purchaser, J & P Caterers. PLCB responded to this attempt by notifying Befwick that the license has been transferred to Cobblestones and that Befwick had no further ability to transfer that license.

Befwick filed a complaint in equity in the court of common pleas against Cobblestones and PLCB seeking "to revoke the erroneous transfer to Cobblestones . . . and to order Cobblestones . . . to execute all necessary papers . . . to transfer the license back to Befwick." PLCB filed preliminary objections stating that original jurisdiction lay properly with the Commonwealth Court since it was an action against a state agency.[3] The court of common pleas sustained that objection and transferred the action to the Commonwealth Court.

In an opinion and order dated August 4, 1975, the Commonwealth Court, per Blatt, J., dismissed the complaint as against PLCB stating:

> "[P]laintiff has improperly attempted to invoke the jurisdiction of equity against *the Board* in this suit, for it is apparent that an adequate statutory remedy is available within the administrative process to enable the plaintiff to pursue the relief which it seeks against *the Board.*"

20 Pa.Cmwlth. 613, 615, 342 A.2d 502, 503 (1975) (emphasis in original). The court also found that neither it nor PLCB could resolve the rights of the parties inter se.

2. An Assistant Attorney General later acknowledged receipt of the January 17, 1974 letter from Befwick to the PLCB, Philadelphia district office, but stated, "There is no indication in the district file that this letter was ever sent to the central office in Harrisburg."

3. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. IV, § 401, 17 P.S. § 211.401 (Supp.1975).

It therefore dismissed the action against PLCB and transferred the case between Befwick and Cobblestones to the court of common pleas. This appeal ensued.

Appellant contends that the statutory remedy is inadequate because it will be forced to recover damages from Cobblestones in one action and seek a liquor license from PLCB in a separate administrative proceeding. PLCB contends that the statutory procedure is adequate and the action against it was not properly in equity. Cobblestones did not file a brief in this appeal.[4]

■■ This entire controversy appears to be the result of Cobblestones' failure to forward the withdrawal letter as it had contracted to do. The inaction by Cobblestones deprived appellant of its ability to use, or otherwise profit from, the license. We see no cause of action stated against PLCB nor any reason why PLCB should be a party to the action which can provide a complete remedy to Befwick.

An action for damages against Cobblestones—or if damages are determined to be an inadequate remedy, an action in equity to compel Cobblestones to transfer the license and give an accounting of profits—will satisfactorily remedy Befwick. A number of cases in the Commonwealth have dealt with breach of an agreement to transfer a liquor license.[5] In none of these cases was it found necessary to make PLCB a party to the action.

■ Here, appellant authorized PLCB to transfer the license. Although he sent PLCB a copy of a letter he had sent to Cobblestones intimating that Cobblestones

4. Cobblestones stated in a letter to this Court, "Since the instant appeal by Befwick does not raise any issue which will affect the substantive or procedural rights of [Cobblestones] we do not intend to file a brief in this matter."

5. *Savitsky v. Parulis,* 378 Pa. 140, 106 A.2d 580 (1954); *O'Neill v. Keegan,* 376 Pa. 606, 103 A.2d 909 (1954); *Ritz v. Rafail,* 366 Pa. 274, 77 A.2d 411 (1951); *Rekas v. Dopkavich,* 362 Pa. 292, 66 A. 2d 230 (1949); *Guzzi v. Czaja,* 163 Pa.Super. 597, 63 A.2d 426 (1949).

was to send notice of withdrawal to PLCB, at no time prior to the transfer did appellant directly inform PLCB that the license was not to be transferred. Because the copy of the January 14 letter sent to PLCB prior to the transfer was ineffective to withdraw the transfer application, appellant may not now argue that it was error for PLCB to do that which he had authorized.

██ Appellant argues correctly that equity jurisdiction properly attaches when the party seeking equity cannot obtain a complete remedy in a single action. See, e. g., *Baederwood Center, Inc. v. Putney*, 390 Pa. 53, 133 A.2d 836 (1957). The error in its analysis, however, is its failure to appreciate that no cause of action against PLCB has been stated and therefore, PLCB should not be a party to the action. The order of the Commonwealth Court dismissing the complaint against the Pennsylvania Liquor Control Board and transferring the remaining cause of action to the court of common pleas is affirmed.

NIX, J., concurs in the result.