Emerson-Harrell Bar Corp., Inc., Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Defendant.

Argued December 5, 1977, before Judges WILKIN-SON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Ralph Schwartz,* for plaintiff.

*David Shotel,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE DISALLE, February 10, 1978:

This proceeding, a Petition for Review, was initiated by Emerson-Harrell Bar Corp., Inc. (Petitioner) against the Pennsylvania Liquor Control Board (Board). The Board filed preliminary objections contending that the petition did not set forth a valid claim for equitable relief.

Petitioner was the owner of a restaurant-liquor license issued by the Board and, on August 22, 1973, entered into an agreement for the sale of said license to RVA Enterprises, Inc. (RVA). On August 20, 1974, the Board approved the transfer of the license to RVA on a prior approval basis, subject to RVA's completion of certain remodeling of premises located at 101-05 Queen Street in the City of Philadelphia.

The premises on Queen Street had been leased by RVA from R.V.R. Enterprises, Inc. (RVR). On August 28, 1974, the leased premises were totally destroyed by fire. RVR, the landlord and owner of the premises, was financially unable to rebuild the premises and consequently RVA was unable to remodel the premises in accordance with the requirements set forth by the Board in granting the pre-approval application.

In May of 1975, both Petitioner and RVA requested the Board by letter to rescind the transfer and return the license to Petitioner. The Board responded that it was not empowered by the Liquor Code to rescind the transfer between Petitioner and RVA. RVA then entered into an agreement of sale for the transfer of said license to a third party, but the Board refused to approve the transfer, for reasons not here relevant.

RVA refuses to pay Petitioner the final consideration due Petitioner for its purchase of the license because the payment is contingent upon RVA's receiving final approval of the transfer of the license from the Board. Since RVA cannot make the remodeling alterations because the premises were destroyed, final approval of the transfer has never been issued by the Board.

In the present petition, which is in the nature of a complaint in equity, Petitioner asks this Court to direct the Board to rescind the transfer of the license to RVA or, in the alternative, to permit RVA to transfer its license to an acceptable third party. (RVA has not been made a party to these proceedings.)

Under the circumstances, there is no cause of action against the Board. Recently, our Supreme Court, in the case of *Befwick of Philadelphia, Inc. v. Cobblestones, Inc.*, 466 Pa. 488, 353 A.2d 459 (1976), addressed itself to a similar fact situation. In *Befwick,*

the Supreme Court affirmed this Court's dismissal of a complaint in equity against the Board where the suit sought revocation of a transfer of a license.

Justice ROBERTS, speaking for the Supreme Court, stated:

> This entire controversy appears to be the result of Cobblestones' failure to forward the withdrawal letter as it had contracted to do. The inaction by Cobblestones deprived appellant of its ability to use, or otherwise profit from, the license. We see no cause of action stated against PLCB nor any reason why PLCB should be a party to the action which can provide a complete remedy to Befwick.
>
> An action for damages against Cobblestones—or if damages are determined to be an inadequate remedy, an action in equity to compel Cobblestones to transfer the license and give an accounting of profits—will satisfactorily remedy Befwick. A number of cases in the Commonwealth have dealt with breach of agreement to transfer a liquor license. In none of these cases was it found necessary to make PLCB a party to the action.
>
> Here, appellant authorized PLCB to transfer the license.

466 Pa. at 492, 353 A.2d at 461 (footnote omitted).

As in *Befwick*, Petitioner here admits it initially authorized the Board to transfer its license to RVA. Petitioner now attempts to rescind the transfer because the transferee has not paid the full consideration due. The transferor and transferee should resolve this matter *inter se*. The Board is not a necessary party to the resolution of the contractual difficulties of the two private corporations. In fact, the Liquor Code has no provision for the automatic re-

turn of the license to the transferor once the transferee has received prior approval of the transfer.

There are statutory procedures for the Petitioner to reacquire the license from RVA by requesting a transfer under Section 468 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-468. In addition, RVA, under the factual posture of this case, could transfer the license to another acceptable transferee pursuant to that same section. *Liquor Control Board v. Rauwolf*, 3 Pa. Commonwealth Ct. 95, 281 A.2d 205 (1971). *Rauwolf* posits that the Board has full authority to approve the transfer of a license by a licensee having only prior approval to a new owner at a new location.

If the Board refuses the application of Petitioner or a third party for the transfer of RVA's license, then the aggrieved party may seek a hearing under Section 464, 47 P.S. §4-464. That section also prescribes the applicant's appeal rights in the event of the Board's refusal to approve the transfer. These statutory procedures must be pursued by the parties within the framework of the Liquor Code.

The Statutory Construction Act of 1972, 1 Pa. C.S. §1504, provides:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, *the directions of the statute shall be strictly pursued,* and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect. (Emphasis added.)

Equity has no jurisdiction to inquire into a controversy, where there is an adequate statutory remedy provided by the Legislature for its resolution. *Commonwealth v. Glen Alden Corp.*, 418 Pa. 57, 210 A.2d 256 (1965).

If RVA refuses to cooperate with Petitioner in its attempt to have the license transferred, then Petitioner may proceed with any equitable or legal action available to it. Our narrow holding here is that no cause of action has been properly asserted against the Board on this state of the record.

Accordingly, the Board's preliminary objections are sustained and the petition for review is dismissed.

ORDER

AND Now, this 10th day of February, 1977, the preliminary objections of the Pennsylvania Liquor Control Board are sustained and the petition for review is hereby dismissed.