## Greenacres Apartments, Inc. v. Closeouts, Inc.

*Richard R. Fink,* for plaintiff.
*Thomas R. Hecker,* for defendants.

RUFE, *J.,* April 29, 1981—This matter is before the court pursuant to B.C.R.C.P.*266 for disposition of defendants' preliminary objection which

challenges plaintiff's complaint in equity due to plaintiff's failure to exhaust its statutory remedies.* For the reasons enunciated below, the preliminary objection will be sustained.

On January 2, 1980 Greenacres Apartments, Inc., filed a complaint in equity against Closeouts, Inc. (Closeouts) and Bristol Park Partners (Bristol Park). Essentially, the complaint alleged that in January, 1979 Bristol Park filed an application for a variance and/or exception which would enable Bristol Park to establish an indoor and outdoor amusement park, restaurant and retail sales establishment on a tract of land adjacent to plaintiff's property. Bristol Park's application was considered at a hearing before the Zoning Hearing Board of Bristol Township (board) on February 26, 1979, at which time the variance and/or exception was granted. Because it had not received prior notice of the proceeding, plaintiff was not represented. Based on this alleged failure of notification, plaintiff contends that the grant of Bristol Park's request violated plaintiff's right to due process. Plaintiff also contends that any exception granted is improper because an outdoor amusement park or recreation area is not a permitted use under the Bristol Township Zoning Ordinance. Finally, plaintiff claims that any grant of a variance was arbitrary and capricious because it violated section 912 of the Pennsylvaina Municipalities Planning Code of July 31, 1968, P.L. 805 (MPC), as amended, 53 P.S.

*Defendants also objected to plaintiff's complaint by filing a preliminary objection in the nature of a demurrer. However, because our disposition of defendant's preliminary objection vis-a-vis plaintiff's failure to exhaust its statutory remedies terminates the action, we will not address the demurrer.

§10912. The board's grant of Bristol Park's request was appealed to the court of common pleas simultaneously with the filing of the instant complaint in equity and indexed at 80-11.

The complaint further alleged that on March 14, 1979 the Board of Commissioners of Bristol Township approved a land development plan submitted by Bristol Park for the operation of an indoor and outdoor amusement park, restaurant and retail sales establishment to be known as "Bristol Township Park." Subsequent to this approval, Bristol Park allegedly obtained a building permit and commenced with the first stages of construction. Plaintiff in its prayer for relief requests an injunction restraining Bristol Park from continuing construction on Bristol Township Park.

Defendants preliminarily objected to plaintiff's complaint pursuant to Pa.R.C.P. 1509(b) which provides, inter alia: "The objections of . . . failure to exercise or exhaust a statutory remedy may be raised by preliminary objection. . . ." The gravamen of defendants' claim is that plaintiff is seeking an injunction to enjoin any further construction on Bristol Township Park pending resolution of plaintiff's zoning appeal, when the MPC provides a complete, adequate and exclusive statutory remedy for accomplishing that end and therefore this court lacks equity jurisdiction. We agree.

It is axiomatic that where a party has a complete and adequate statutory remedy a court lacks equity jurisdiction over the subject matter of the action: DeLuca v. Buckeye Coal Company, 463 Pa. 513, 345 A. 2d 637 (1975); Emerson-Harrell Bar Corp., Inc. v. Pennsylvania Liquor Control Board, 33 Pa. Commonwealth Ct. 578, 382 A. 2d 500 (1978); 1 Pa.C.S.A. §1504. In the instant case, there is no

question that the remedy available to plaintiff pursuant to the MPC is adequate, complete and exclusive.

In Ragano v. Rigot, 25 Pa. Commonwealth Ct. 428, 432, 360 A. 2d 779, 781 (1976), the court wrote: "'All questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Acts of assembly.'" Presently, the MPC constitutes "The Zoning Acts of Assembly," and it provides at section 1001, 53 P.S. §11001: "The proceedings set forth in this article [Art. X, 53 P.S. §11001 et seq.] shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act."

Instantly, plaintiff properly appealed the board's grant of Bristol Park's request to the court pursuant to section 1007 of the MPC, 53 P.S. §11007, which provides in part: "Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued." But, as we noted before, simultaneously with its zoning appeal, plaintiff initiated the present action to enjoin defendants from proceeding with construction on Bristol Township Park. Plaintiff claims that it was entitled to do so pursuant to section 1008(4) of the MPC, 53 P.S. §11008(4), which provides, inter alia: "The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay." It is plaintiff's contention that this section gives appellant in a

zoning appeal the option of either petitioning the court within the context of the pending zoning appeal for a stay, or bringing a separate action in equity to enjoin any action until the appeal has been decided. For several reasons, we find that plaintiff's contention is devoid of merit.

First, the Pennsylvania Supreme Court has stated:

"The Municipalities Planning Code is the Legislature's mandate for the *unified* regulation of land use and development. The code also sets forth procedures by which landowners and others may challenge municipal decisionmaking in this area. These procedures are, in the Legislature's judgment, the best means of balancing the interests of municipalities with those of landowners and others." Gary D. Reihart, Inc. v. Township of Carroll, 487 Pa. 461, 466, 409 A. 2d 1167, 1170 (1979). (Emphasis supplied.) Our research indicates that equity has never been an appropriate remedy with which to challenge zoning decisions: Soltis v. Hanover Associates, 22 Pa. Commonwealth Ct. 637, 350 A. 2d 217 (1976). It is anomalous that the legislature would have provided for the institution of a separate suit in equity, a new remedy, in a statute that was intended to unify and streamline the law relevant to zoning and zoning appeals.

Further, it has been stated that "[w]ith the exceptions noted in §§9.1.6 through 9.1.10, an action in equity cannot be used to adjudicate zoning questions." Ryan, Pennsylvania Zoning Law and Practice, §9.1.5. The instant case does not fit into any of the exceptions and therefore the institution of a suit in equity was improper.

Based on the preceding, we conclude that plaintiff has an adequate, complete and exclusive statutory remedy by which defendants can be pre-

vented from proceeding with construction. Consequently, we lack equity jurisdiciton over this matter, and plaintiff's complaint in equity must be dismissed. To that end, we enter the following

## ORDER

And now, April 29, 1981, the court finding that plaintiff failed to avail itself of a complete, adequate and exclusive statutory remedy, thereby depriving this court of equitable jurisdiction, it is hereby ordered and decreed that defendant's preliminary objection to plaintiff's complaint in equity for plaintiff's failure to exhaust its statutory remedies is sustained. Judgment is ordered entered for defendants and against plaintiff.