## Paquin Estate v. Myers

*Dennis L. Plank,* for plaintiff.
*Theodore A. Parker,* for defendant.

ECKMAN, J., September 6, 1985—Before the court is the preliminary objection in the nature of a petition raising a question of subject matter jurisdiction filed by defendant, Janet E. Myers, to the amended complaint filed by plaintiff, Dolores P. McCarthy, executrix of the Estate of Armand G. Paquin, Sr., a/k/a Armand Paquin.

Plaintiff is the executrix of the estate of Armand G. Paquin, Sr. On November 18, 1976, Paquin and his wife (now deceased) entered into a contract to sell a tavern and liquor license to Richard J. and Kathleen Koelbl. The contract provides that upon the purchaser's default, the purchaser must retransfer the liquor license to the seller. On February 7, 1979, the Koelbls assigned their interest in the contract to defendant, who agreed to be bound by the terms and conditions of the contract. Defendant defaulted on the payments due under the contract and surrendered possession of the tavern to plaintiff. Defendant refused, however, to transfer the liquor license to plaintiff. Hence, plaintiff commenced this action in equity by filing a complaint on October 2, 1984 and an amended complaint on October 25, 1984. Defendant filed the preliminary objection on December 12, 1984.

Defendant maintains that this court lacks jurisdiction over this controversy because a complete and adequate remedy at law is available to plaintiff through an action in assumpsit for damages. We disagree.

It is well settled that where a complete and adequate remedy at law exists, equity has no jurisdiction. Barco, Inc. v. Steel Crest Homes, Inc., 420 Pa. 553, 218 A.2d 221 (1966); St. Joe Minerals Corporation v. Goodard, 14 Pa. Commw., 624, 324 A.2d 800 (1974). Our appellate courts, however, have long

recognized that a liquor license is a unique asset whose value cannot be accurately or adequately measured and compensated for in an action at law. Pichler v. Snavely, 366 Pa. 568, 79 A.2d 227 (1951); Ritz v. Rafail, 366 Pa. 274, 77 A.2d 411 (1951); Rekas v. Dopkavich, 362 Pa. 292, 66 A.2d 230 (1949); Cochrane v. Szpakowski, 355 Pa. 357, 49 A.2d 692 (1946); Tomb v. Lavalle, 298 Pa. Super. 75, 444 A.2d 666 (1981). As stated by the Pennsylvania Supreme Court in Ritz v. Rafail, supra:

"It would be unrealistic to fail to recognize that a liquor license is of a peculiar value to the premises . . . Once a property has been fitted and equipped for use as a restaurant, and especially if it has long been operated as such, the removal of the liquor license therefrom undoubtedly depreciates the value of the property . . . [A]n exact, or even approximate, measure of . . . damages could not be formulated and applied in a suit at law for breach of [contract] for they are necessarily speculative and indeterminate; under such circumstances it is the peculiar province of equity to afford relief." Id., 366 Pa. at p. 276, 277. Hence, plaintiff lacks an adequate and complete remedy at law and must proceed in equity to compel the transfer of the liquor license.

Accordingly, we enter the following

## ORDER

And now, September 6, 1985, the preliminary objection in the nature of a petition raising a question of subject matter jurisdiction filed by defendant, Janet E. Myers, is hereby dismissed. Defendant is granted 20 days from the date of this order to file her next responsive pleading.