O'Neill *v.* Keegan, Appellant.

Argued January 11, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Clement J. Reap,* with him *David M. Boyd,* for appellants.

*Louis Lipschitz,* with him *J. Wilson Ames* and *Louis A. Fine,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 1, 1954:

For eleven years prior to the transaction which has given rise to this lawsuit the plaintiff Frank J. O'Neill owned in Pleasant Mount Township, Wayne County,

real estate with a building containing a restaurant, bar room, lodging rooms and dance hall. On May 1, 1948, O'Neill entered into an option agreement with Eugene Keegan to lease to him the indicated premises at an annual rental of $1800. This agreement provided that the plaintiff would transfer to Keegan the liquor license owned by the plaintiff. It was further stipulated that this license was not to be removed or transferred from the premises during the period of the lease. A right of renewal clause in the printed form of the option was stricken out.

Three weeks later the parties entered into a supplemental option agreement which provided that in the event Keegan "for any reason, foregoes the leasing of the premises," he was to give plaintiff "the first refusal for the retransfer of the liquor license," and that Keegan was "not to sublet the premises or transfer the license to a third party within the five year period without the approval of" the plaintiff.

On May 31, 1948, the lease went into effect and on the same day a bill of sale was entered into whereby the plaintiff transferred to Eugene Keegan and Keegan Inc., title to all the alcoholic and nonalcoholic beverages on the premises, together with the Pennsylvania liquor license which had been issued to the plaintiff.

At the expiration of the five year lease, the plaintiff prepared to repossess his property but the defendants refused to transfer back the liquor license. The plaintiff filed a bill in equity to compel the transfer and to restrain the defendants from transferring the license to anyone else. The Chancellor, who heard the case, found in favor of the plaintiff. The defendants appealed.

Was there an absolute sale of the liquor license by the plaintiff to the defendants or was the transfer of the license (as the Chancellor found) only a temporary one running with the life of the lease? That is the only

question before us, and there can be no doubt that the Chancellor was justified in law and fact in resolving the issue in favor of the plaintiff.

The defendants' contention hangs completely on the thin thread of the definition of the word "foregoes," used in the supplemental option of May 21, 1948. The Chancellor has found that the word "forego" may be interpreted to mean "cease." While such an interpretation, in the full lexicographical expansion of possible meanings is acceptable, we would say that the word is most generally used in the sense of voluntarily relinquishing. Although such definition would seem to support the contention of the defendants, it must be added that the cold, unclothed meaning of the word will not in itself give life to the position projected by the Keegans, because the word must be taken not only in the context of all the language in the document but it must be considered as well against the background of the whole history of the transaction. There is nothing in the series of conferences, meetings and exchange of written promises between the parties which will assign to "foregoes" the concept of a voluntary declination by the defendants to renew the lease of the premises. It was not within the prerogatives of the defendants to decide whether they would or would not renew the lease. The plaintiff had closed the door to a lease renewal by striking that provision from the agreement of May 1, 1948.

All the facts, logic and common sense of the situation argue against the absolute sale of the liquor license. It will be enough merely to enumerate some of those reasons:

1. The defendants paid no consideration for this very valuable property, the liquor license.

2. If the plaintiff had intended an absolute sale of the license, he would not have included in the agreement the provision that the defendants were *not* to

610

transfer the license during the 5 year term. With an absolute sale and a complete divestment of title, the further travels of the license could not be of any interest to the plaintiff.

3. A witness, J. D. Brennan, who was present during the discussion leading to the transfer of the license, testified that the defendants orally agreed that the license was to be transferred back to the plaintiff at the termination of the 5-year lease.

4. The plaintiff's establishment was fitted and equipped for the sale of liquor. Reacquiring the restaurant-bar without the liquor license would be like having a ship on dry land. It cannot be assumed that the plaintiff could consciously and willingly plan for himself so assured a future economic disaster.

5. Nor could the plaintiff have applied for another liquor license, since the quota of licenses in Pleasant Mount Township was already oversubscribed.

6. The supplemental option referred to a "retransfer" of the license to the plaintiff. If the parties had contemplated an absolute sale to the defendants, the plaintiff could get it back only by sale, not by a transfer.

The plaintiff averred in his Complaint that at the time of the execution of the Bill of Sale, the parties entered into a contemporaneous oral agreement, which the defendants denied. The Chancellor allowed oral testimony on the subject and we are satisfied that under the circumstances he was justified in doing so. Also, it is to be noted that the language in the supplemental agreement was sufficiently ambiguous to warrant the introduction of oral testimony. (*Fischer v. Anderson,* 173 Pa. Superior Ct. 175.)

Although the Bill of Sale recited a $1.00 consideration, the parol evidence rule did not forbid the plaintiff's showing that such was not the true consideration and that the actual consideration did not include the

transfer of the liquor license. (*Real Estate Co. v. Rudolph,* 301 Pa. 502.)

The defendants complain of a variance between allegata and probata in that the plaintiff averred an oral agreement of retransfer and thus may not rely on the written supplemental option agreement. But in his answer to the defendants' New Matter the plaintiff stated that the supplemental option agreement signed by the parties "was intended and drawn up for the purpose of retransferring the restaurant liquor license to the plaintiff upon the expiration of the lease . . ." Thus, the defendants were informed of the basis of the plaintiff's claim and of his reliance on the supplemental option agreement for additional proof. The defendants were not confronted at the trial with any claim foreign to the one averred.

The findings of fact by the Chancellor are amply supported by the record, were approved by the court en banc, and, having the same effect as the verdict of a jury, are not to be reversed. (*Rayman v. Morris,* 361 Pa. 583; *Barrett v. Heiner,* 367 Pa. 510).

Decree affirmed. Costs on appellant.