Edward J. EGGLESTON and Sadye J. De Roy Silverman, Executors Under the Last Will and Testament of Emanuel I. DeRoy, Deceased, Appellants,

v.

A. J. DUDLEY, District Director of Internal Revenue, Philadelphia Region.

No. 12297.

United States Court of Appeals Third Circuit.

Argued Jan. 24, 1958.

Decided June 30, 1958.

Gilbert E. Morcroft, Pittsburgh, Pa., for appellants.

Kenneth E. Levin, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., D. Malcolm Anderson, U. S. Atty. Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, KALODNER, Circuit Judge, and WRIGHT, District Judge.

BIGGS, Chief Judge.

Emanuel I. DeRoy, the decedent, endeavored to secure changes in the beneficiary clauses of twenty insurance policies on his life to secure the benefits of the marital deduction in estate taxes on his death in accordance with the Revenue Code of 1939, as amended, 26 U.S.C.A. § 811 et seq. His then wife, Sadye J. DeRoy, was the beneficiary. DeRoy died on October 13, 1950, domiciled in Pennsylvania. His widow married again and she, now Mrs. Silverman, and Eggleston, the appellants here, are the executors of the last will and testament of DeRoy. We are concerned on the instant appeal with only two of the policies, those written by New York Life Insurance Company. The question presented is whether the language employed to effect changes

in the beneficiary clauses of the two policies in issue is such as will authorize the marital deduction. The court below held that the language was insufficient to achieve the end sought.[1] The appeal followed.

The pertinent provisions of the policies, which include settlement agreements, are as follows: "I hereby direct that upon receipt of due proof of my death, settlement of the proceeds of the above numbered Policies shall be made with the following designated beneficiaries in the following manner, hereby revoking any prior designation of beneficiary under or direction as to the manner of payment of said Policies.

"Said proceeds shall be paid in monthly installments under Option (3)—Twenty Years Certain of the Optional Methods of Settlement, to Sadye J. DeRoy, my wife, herein called the Beneficiary, if living. * * *[2]

"If said Beneficiary be not living when said Company receives due proof of my death, or if said Beneficiary shall die after receipt of such proof and before all of the instalments within the certain period shall have been paid, the proceeds or the commuted value of such unpaid instalments shall be paid in one sum to the Executors or Administrators of said Beneficiary, if she dies after receipt by said Company of due proof of my death, or to my Executors, Administrators or Assigns, if said beneficiary be not living when said Company receives due proof of my death."[3]

The first paragraph of the policy quoted states that upon receipt of due proof of DeRoy's death by the Insurance Company "settlement" should be made to DeRoy's widow. These provisions cer-

---

1. Eggleston v. Dudley, D.C., 154 F.Supp. 178.

2. Option 3 of both policies provides: "The proceeds in whole or in part may be made payable in equal annual, semi-annual, quarterly or monthly instalments for a fixed period of five, ten or twenty years, as may be agreed upon, and for the remaining lifetime of the payee, in accordance with the following table."

3. See as an example settlement agreement of August 31, 1948 executed by DeRoy and the New York Life Insurance Company. Plaintiff's Exhibit No. 4. All of the words quoted up to the word "sum" are printed provisions of the policy. The remaining words were added by typewriter.

tainly do not mean and cannot be construed to mean that the widow did not become entitled to the proceeds of the policies upon the death of her husband but only that she could not receive the proceeds by way of settlement until due proof had been received by the company.

If next are read the provisions of paragraph 2 and that portion of paragraph 3 down to the word "Beneficiary", third occurrence, no ambiguity appears and in our opinion one would be compelled to the conclusion, if there was nothing more, that it would be clear that the grantor intended his widow to have a vested interest in the proceeds of the policies at his death.

Boiling down the clauses of the last paragraph quoted, they provide, first, that if the widow dies before proof of death the proceeds of the policies go to her executors, but, second, if she dies before due proof of death the proceeds must go to her husband's executors. The contradiction in provisions is obvious. If the first proposition be true then the proceeds of the policies would qualify for the marital deduction of Section 812 of the Revenue Code of 1939, as amended, and if the second proposition were applied the proceeds of the policies would go to her husband's estate and the marital deduction would not be available.

■ It is well settled federal law that the time of the death of the insured is critical, Shedd's Estate v. C. I. R., 9 Cir., 1956, 237 F.2d 345, 350, and that the kind and nature of estates and interests in property are to be determined by the law of the State in which the deceased was domiciled at the time of his death. Helvering v. Stuart, 1942, 317 U.S. 154, 161, 63 S.Ct. 140, 87 L.Ed. 154. Here, this is the law of the Commonwealth of Pennsylvania.

■ It is the law of Pennsylvania that one must interpret an instrument such as an insurance policy by first looking to the language of the contract. However, where the terms of the contract are contradictory the meaning put upon the instrument by the parties themselves is strong evidence of the correct interpretation of the instrument and will be enforced by the courts. 3 Corbin, Contracts, § 543; Hild·v. Dunn, 1933, 310 Pa. 289, 165 A. 228; Schwartz v. Whelan, 1929, 295 Pa. 425, 145 A. 525, 65 A.L.R. 277; Cirotti v. Wassell, 1948, 163 Pa.Super. 292, 60 A.2d 339; City of Philadelphia v. N. Snellenburg & Co., 1949, 163 Pa.Super. 507, 63 A.2d 480. Such method of interpretation is not violative of the parol evidence rule for that rule of evidence purports to exclude testimony only when it is offered for the purpose of varying or contradicting the terms of an integrated writing, and does not purport to exclude evidence offered for the purpose of interpreting and giving a meaning to those terms. 3 Corbin, Contracts § 543; O'Neill v. Keegan, 1954, 376 Pa. 606, 103 A.2d 909; Miller v. Fichthorn, 1858, 31 Pa. 252.

■ The court below made the following finding of fact: "By stipulation of counsel for all parties, it is agreed that in securing the beneficiary clauses in question, it was the insured's intention to qualify the proceeds of the policies for the benefit of the marital deduction, and that the provisions as written by the New York Life Insurance Company were written by that Company to meet the requirements of the Revenue Code according to the interpretation of that company's general counsel. However, the final beneficiary clauses in question are not the clauses as written by the general counsel of New York Life Insurance Company." This being the legal result intended by the parties, we will not construe the contradictory provisions of these contracts to produce a different one. This is the law of Pennsylvania. Tustin v. Philadelphia & Reading Coal & Iron Co., 1915, 250 Pa. 425, 435, 95 A. 595, 599, wherein the Supreme Court of Pennsylvania stated: "When the terms of a contract are doubtful, or capable of two different interpretations, the meaning put on the instrument by the parties themselves may be shown and will be enforced by the courts. Their interpretation of the instrument is strong evidence of being the

401

correct one, and is expressive of the intention of the parties when they executed the contract." In the case at bar, as we have stated, the intention of the parties to the instrument is clear. What is more any other interpretation would do violence to the Pennsylvania rule of construction which favors vested estates and which requires an interest "to be construed as contingent only when it is impossible to construe it as vested. * * *," In re Rau's Estate, 1916, 254 Pa. 464, 98 A. 1068; In re Weir's Estate, 1932, 307 Pa. 461, 161 A. 730; In re Walker's Estate, 1923, 277 Pa. 444, 121 A. 318.

■ The United States would have us give to contradiction the effect of certainty. This we cannot do. In our opinion the court below erred in treating the widow's interests in the policies as not vested on DeRoy's death. We conclude that the interests were vested. We hold that the executors are entitled to the marital deduction under Section 812(e) (1) of the Revenue Code of 1939, as amended, 26 U.S.C.A. § 812(e) (1) and the judgment will be reversed.