NORTHWESTERN MOTOR CAR, INC., Respondent, v. POPE, Appellant.

*No. 29. Argued May 3, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 200.)

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief by *Grootemaat, Cook & Franke,* attorneys, and *William L. Boyd* of counsel, all of Milwaukee, and oral argument by *Mr. Boyd.*

WILKIE, J. The sole issue presented on this appeal is whether the trial court was correct in overruling defendant's demurrer.

This court has repeatedly held (as the trial court noted):

"When a complaint is challenged by demurrer as not stating a cause of action, we adhere to the rule that it is to be liberally construed with a view to substantial justice to the parties, and it is entitled to all reasonable inferences to support the complaint which can be drawn from the facts pleaded. Secs. 263.07 and 263.27, Stats.; *Wulf v. Rebbun* (1964), 25 Wis. 2d 499, 502, 131 N. W. 2d 303." [1]

The trial court then stated:

"The complaint pleads a contract (duty), a breach of that contract and damages flowing reasonably from that breach and that totally states a cause of action."

Defendant now contends that the demurrer was proper for two reasons:

1. The liquidated damages are unreasonable and consequently void as a penalty pursuant to sec. 402.718 (1), Stats.;

2. The complaint does not state essential facts from which the damages, if legal, can be computed.

Neither of these assertions has any merit.

1. *Legality of the liquidated damages.* Admittedly liquidated damages provided in a contract must be reasonable to be enforceable. Sec. 402.718 (1), Stats., provides:

"(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing un-

---

[1] *Kelly v. Mohrhusen* (1971), 50 Wis. 2d 337, 342, 184 N. W. 2d 149.

reasonably large liquidated damages is void as a penalty."[2]

However, the statute contemplates that a liquidated damages clause may be enforceable if "reasonable." Such clauses are not void, as a matter of law. Therefore, it is necessary for some evidence to be presented on this matter. Even assuming *arguendo* that this particular clause is unenforceable, plaintiff is still entitled to recover whatever damages he can prove. The mere demand for an amount in damages which is excessive does not render the complaint subject to demurrer:

". . . A prayer for relief is no substantive part of a complaint and the fact that the plaintiff 'asks for more relief than that which his pleaded facts entitle him to have is not reached by demurrer.' "[3]

The unreasonableness of the liquidated damages, then, is properly a matter of defense. It cannot be reached here by demurrer but is a question to be determined after trial.

2. *Ambiguity of the contract.* Defendant also urges that the contract is ambiguous with respect to the manner in which the liquidated damages are to be computed. He notes that the clause refers to liquidated damages equal to "20% of the cash delivery price." He then points to page one of the contract noting that the space designated "cash delivered price of vehicle" is blank, and argues that damages cannot then be computed under the liquidated damages clause.

This argument is entirely without merit. First, even a cursory reading of the contract indicates that the very next line reads: "1968 Shelby GT 500 . . . $4,538.77." The next several lines contain additions for extras and the "total cash price" is computed as $4,992.23. Hence

---

[2] *See also:* Restatement, 2 *Contracts,* p. 1087, sec. 579.

[3] *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. 2d 390, 398, 120 N. W. 2d 70.

the "cash delivered price" is clearly discernible as $4,538.77, without extras, or $4,992.23 with extras.

Furthermore, as noted above with respect to the liquidated damages clause itself, this objection is not properly raised by demurrer.[4] This matter is also properly one of defense, going to the proper amount of damages which plaintiff is entitled to.

Finally, by demurring to the complaint, even under defendant's theory, he has admitted the damages.

As the trial court well stated:

"The complaint pleads a contract (duty), a breach of that contract and damages flowing reasonably from that breach and that totally states a cause of action."

*By the Court.*—Order affirmed.