SPRECHER and wife, Appellants, v. WESTON'S BAR, INC., and others, Respondents.

*No. 240. Argued October 7, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 212.)

---

678

For the appellants there was a brief by *Hill, Quale & Hartmann* of Baraboo, and oral argument by *James H. Hill*.

For the respondents there was a brief by *Stevens & LaRowe*, attorneys, and *Myron E. LaRowe* of counsel, all of Reedsburg, and oral argument by *Myron E. LaRowe*.

HALLOWS, C. J.   The complaint alleges the Sprechers leased premises at 616 Water Street in the village of Prairie du Sac for one year ending June 30, 1970, to the defendant Weston's Bar, Inc., for the purpose of conducting a tavern business in the premises.   By paragraph 15 of the lease [1] the lessees agreed upon termination to surrender and deliver up to the lessors all licenses to engage in the sale of beer or intoxicating liquor.   By this language, it would seem the parties thought they were dealing with a property right which was assignable. The trial court correctly held there was no property right in a tavern license but incorrectly held the agreement was void as against public policy.

Liquor licenses are not normally assignable.   Applications for such a license or a renewal thereof are granted

---

[1] "15. **Surrender of licenses.**   The lessee further agrees and covenants that at the termination of the within lease or any renewal thereof, or in the event that the lessor, with cause, elects to terminate the lease for any of the reasons set forth in Agreement 13 above, said lessee, upon the request of the lessor, will quietly and promptly yield and surrender and deliver up to the lessor any and all licenses to engage in the sale of beer or intoxicating liquor then in their possession.   It is fully understood by lessor and by lessee that this provision may be deemed inoperative in law and lessee shall incur no damages of any nature in the event that this provision is found legally inoperative in event of a violation of this provision, the intent of this provision being solely to express the intentions of the parties at this time."

effective on July 1st of each year. Sec. 176.05 (5), Stats. A liquor license permitting the sale of liquor at a designated location may be modified as to a location in midterm or midyear under sec. 176.05 (14), but this is at the discretion of the licensing authority. Parties cannot bind or interfere with the exercise of the discretion of the licensing board. Consequently, a provision for the assignment of a liquor license is unenforceable against the licensing authority but not necessarily void for all purposes. *State v. Bayne* (1898), 100 Wis. 35, 75 N. W. 403; *State ex rel. Ruffalo v. Common Council* (1968), 38 Wis. 2d 518, 157 N. W. 2d 568.

This lease is susceptible of a reasonable interpretation that the lessee upon the termination of the lease would not seek to have the liquor license transferred or a new license issued. The effect of such an agreement is to give the owners of the property an edge in the securing of a liquor license for their building or keeping a license available for a new tenant who could qualify. We must assume the parties attempted to enter into an enforceable contract and a construction favoring enforceability should be adopted. 17 Am. Jur. 2d, *Contracts*, p. 647, sec. 254 (1964); 17A C. J. S., *Contracts*, pp. 181, 183, sec. 318 (1963).

Construing the lease to be an agreement not to seek a transfer of the license would not interfere with the discretionary authority of the body authorized to grant liquor licenses. While the lease may restrict or limit the number of persons by one who may apply for a license, such a limitation is not against public policy or unenforceable as a restriction of the discretionary authority of a licensing body which may grant a license to one who breaches his contract.

The cases relied on for the invalidity of the agreement in the lease are not controlling. In *Marquette Savings & Loan Asso. v. Twin Lakes* (1967), 38 Wis. 2d 310, 156 N. W. 2d 425, the action was to enjoin the licensing

agency in order to enforce an agreement between the mortgagor and the mortgagee. In *Smith v. Whitewater* (1947), 251 Wis. 306, 29 N. W. 2d 33, the action was to enjoin the licensing authority in order to enforce a lease between a lessor and lessee. In the second *Smith v. Whitewater Case* [(1947), 251 Wis. 313, 29 N. W. 2d 37], we pointed out at page 319, that while the agreement could not affect the power of the licensing authority to issue a license to one in breach of his contract or nullify the license, the agreement would entitle the innocent party to such damages as he may have suffered by the breach of the other party.

The complaint states a cause of action against the lessees and even if an injunction is no longer possible, equity may grant damages in lieu of the equitable relief. *See* sec. 263.07, Stats.[2] This doctrine that a demurrer cannot be sustained if the plaintiff is entitled to any relief is at least as old as *Hall v. Bell* (1910), 143 Wis. 296, 299, 127 N. W. 967, and has been applied as recently as *Northwestern Motor Car, Inc. v. Pope* (1971), 51 Wis. 2d 292, 187 N. W. 2d 200.

*By the Court.*—Judgment reversed, with direction to the trial court to overrule the demurrer, with leave to the defendants to file an answer.

---

[2] "263.07 **General demurrer limited.** In case of a general demurrer to a complaint, if upon the facts stated, construing the pleading as provided in section 263.27, plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress."