SAMUEL'S REALTY CO., INC., et al.

v.

Paul W. McCARTHY.

No. 84–409–Appeal.

Supreme Court of Rhode Island.

July 25, 1986.

Milton Stanzler, Abedon, Michaelson, Stanzler & Biener, Providence, for plaintiff.

Joseph R. Palumbo, Jr., Palumbo Galvin & Boyle, Providence, for defendant.

## OPINION

KELLEHER, Justice.

The subject matter of this Superior Court civil action for specific performance is a class B–V liquor license. The plaintiffs, Samuel's Realty Co., Inc., and Muenchinger-King Hotel, Inc., are before us on an appeal from the dismissal by a Superior Court justice of their appeal. In the Superior Court the controversy had been submitted to the trial justice on a memorandum of law together with a statement of stipulated facts. For ease of understanding, we shall refer only to the plaintiff Samuel's Realty Co., Inc., and to the defendant, Paul W. McCarthy. The plaintiff will be called "Samuel's" and the defendant "McCarthy."

In 1978 the predecessors to Samuel's were the owners of a multi-storied hotel situated in the city of Newport at 38 Bellevue Avenue. On the hotel's ground floor could be found a restaurant and bar. The premises had been duly licensed by Newport's licensing authority. On September 22, 1978, McCarthy entered into a leasing agreement with the predecessors of Samuel's for the operation of the hotel's bar and restaurant for a five-year period beginning October 1, 1978, and ending September 30, 1983. As part of the agreement, the predecessors of Samuel's agreed to transfer the class B–V license to McCarthy. The pertinent language of the lease relating to the transfer called for a transfer of the license to McCarthy "for the term of this agreement provided that the said LESSEE shall pay all expenses incurred in the transfer of said license, and provided that upon any default of the LESSEE of any provisions in this agreement said LESSEE shall transfer said license to [the predecessors of Samuel's] and will pay all costs and expenses involved in said transfer." The transfer to McCarthy was approved by the municipality's licensing authority, the city council, and McCarthy renewed the license each and every subsequent year of the lease.

In September 1979 the predecessors of Samuel's sold the premises at 38 Bellevue Avenue to Samuel's and as part of the transaction simultaneously executed an assignment of all its interest in the outstanding leases and rents on the premises and also gave to Samuel's a bill of sale relating to all the personal property owned by the predecessors of Samuel's situated within the premises. Subsequently, the predecessors of Samuel's specifically assigned all their interest in the liquor license to Samuel's.

McCarthy's lease expired September 30, 1983, but he refused to execute an application whereby the council could approve transfer of the license back to Samuel's. This litigation ensued because whoever drafted the lease omitted to provide specifically for a retransfer of the license once the lease came to an end on the last day of September 1983.

In denying the request of Samuel's for a mandatory injunction requiring the filing of a transfer application, the trial justice described the lease as "unequivocally silent" in regard to McCarthy's obligation when the lease expired and ruled that the terms of the lease created no obligation on McCarthy's part to cooperate in effectuating a transfer of the liquor license back to Samuel's. We disagree.

The 1978 lease cannot be classified as "unequivocally silent" because it specifically states that the liquor license is being transferred "for the term of this agreement" and goes on to provide that "upon any default" by McCarthy "of any provisions in this agreement," McCarthy "shall transfer said license" to the predecessors of Samuel's. The trial justice, in denying specific performance, also relied on *Novack v. Krauz*, 138 N.J.Eq. 241, 47 A.2d 586 (1946), where the New Jersey court noted that public policy as embodied in the state's statutes regulating the transfer of liquor licenses barred specific performance of any contract to transfer a liquor license. *Novack* was overruled in *Darrah Food Services, Inc. v. Lambertville House, Inc.*, 202

N.J.Super. 447, 495 A.2d 438 (1985), where the court declared that "[t]he statutory purpose of according absolute discretion to the Alcoholic Beverage Control Commission or the local boards is not thwarted by permitting parties to agree to cooperate in applying to a board for the transfer of a liquor license." *Id.* at 453–54, 495 A.2d at 441.

As a general rule, the holder of a liquor license may freely contract to transfer the license to other persons subject to official approval of the transfer, and such contracts are valid and specifically enforceable. *Greve v. Leger, Ltd.,* 64 Cal.2d 853, 415 P.2d 824, 52 Cal.Rptr. 9 (1966); *see also A.D. Jones & Co. v. Parsons,* 136 Colo. 434, 319 P.2d 480 (1957); *Santiago v. Allen,* 449 So.2d 388 (Fla.Dist.Ct.App.1984); *Sprecher v. Weston's Bar, Inc.,* 52 Wis.2d 677, 191 N.W.2d 212 (1971); *Kurpjuweit v. Northwestern Development Co.,* 708 P.2d 39 (Wyo.1985).

Here in Rhode Island the Legislature has specifically authorized municipal licensing authorities to permit the use of a liquor license at a location within the municipality other than that stated on the license as well as authorizing the transfer of a license "to another person." General Laws 1956 (1976 Reenactment) § 3–5–19, as amended by P.L.1977, ch. 216, § 1. Notice of the pendency of any application for such a transfer must be given in the same manner as required for the issuance of an original license.

The plight of Samuel's is similar to that of the lessor in *O'Neill v. Keegan,* 376 Pa. 606, 103 A.2d 909 (1954), who had transferred his liquor license to a lessee with a stipulation that the license would not be renewed or transferred from the premises during the term of the lease. When the lease expired, the lessee refused to retransfer the license. In determining whether the license was the subject of an absolute sale or merely a temporary transfer running with the life of the lease, the Pennsylvania Supreme Court alluded to the following factors that are pertinent to McCar-

thy's 1978 lease: The lessee had paid no consideration for the liquor license, a very valuable property; if an absolute sale of the license had been intended, why was there a provision barring a transfer of the lease without the lessor's consent during the lease's five-year term; reacquiring a restaurant-bar without a liquor license is akin to owning a ship that is permanently affixed to dry land; and no lessor would consciously and willingly enter into a plan that amounts to a guarantee of future economic disaster. 376 Pa. at 609–10, 103 A.2d at 911.

Again, in *Beard v. McCormick,* 147 Mont. 361, 411 P.2d 964 (1966), the court was confronted with a lease of a liquor license in a situation in which the only provision mentioning the lease required that the license not be moved from the premises. The Montana court observed that there was no question that the lease of the premises and the assignment of the license were part of the same contract even though the trial justice's rationale had transformed the lease agreement into a contract for the sale of the license. The trial justice, whose decision was overturned, was directed to enter an appropriate order that required the lessee to transfer the license back to the lessor. *Id.* 411 P.2d at 966.

The trial justice's concern about the indefiniteness of the 1978 lease brings to mind what Corbin and Williston have said about a refusal to require specific performance because of an apparent uncertainty in the terms of the contract. Corbin has said:

"There are cases in which the court has made a mountain out of a molehill and refused a decree that might well have been granted. Apparent difficulties of enforcement that arise out of uncertainties in expression often disappear in the light of courageous common sense and reasonable implications of fact." 5A Corbin, *Contracts,* § 1174 at 283 (1964).

Williston is of a similar mind, observing:

"It seems probable that the difficulty regarding uncertainty has been overem-

phasized; certainly, it should not be allowed to hamper or restrict equitable relief further than necessity requires." 11 Williston, *Contracts*, § 1424 at 819 (3d ed. Jaeger 1968).

In the case before us, the trial justice has misconceived the plain language of the 1978 lease and has also overlooked the circumstances that were existing at the time of the lease's execution. A liquor license is a unique and very valuable document. Simple justice demands that McCarthy not be permitted to take advantage of a drafter's oversight in failing explicitly to set forth a limitation which is implicit in the terms of the lease. It is obvious that all McCarthy was entitled to was a five-year period during which he could operate the ground-floor restaurant and bar. At no time was it ever intended that the five-year lease was to be converted into an absolute sale.

The plaintiff's appeal is sustained, the judgment is vacated, and the case is remanded to the Superior Court for the entry of a decree directing McCarthy to file an application with the Newport City Council seeking the council's approval of a retransfer of the license to the plaintiffs. The approval still remains within the discretion of the council.

MURRAY, J., did not participate.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.